**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**CALVIN W. TERRY, III**                                                    **PETITIONER**

**VS.**                              **NO. 4:25-cv-01152-BSM-ERE**

**TIM RYALS,
SHERIFF, FAULKNER COUNTY, ARKANSAS**                **RESPONDENT**

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this RD without independently reviewing the record.

**I.      Summary**

On October 27, 2025, Calvin W. Terry, III, then a pretrial detainee at the Faulkner County Jail, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from pretrial confinement. On October 30, 2025, a jury convicted Mr. Terry of the crimes underlying his pretrial detention, and he is now an inmate at the Ouachita River Unit of the Arkansas Division of Correction ("ADC").  Because it plainly appears from the face of the petition and state court

records[1] that Mr. Terry's claims are moot, the petition should be summarily dismissed, without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

## II.    Background

In January 2023, Mr. Terry was charged in the Faulkner County Circuit Court with fleeing and other crimes in *Arkansas v. Terry*, No. 23CR-23-38 (Faulkner Cnty. Cir. Ct.) ("*Terry I*"). On December 20, 2024, while released on bond, Mr. Terry was arrested and charged with drug crimes in *Arkansas v. Terry*, No. 60CR-25-5483 (Pulaski Cnty. Cir. Ct.) ("*Terry II*").[3]

Mr. Terry was again released on bond, but on August 10, 2024, he was rearrested in Maumelle, Arkansas and charged with additional drug crimes in

---

[1] The Court is permitted to take judicial notice of state court records. *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005). Arkansas court records are publicly available at https://caseinfo.arcourts.gov/cconnect/PROD/public.

[2] In conducting the initial review of a habeas petition required Rule 4, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." As explained in the Advisory Committee's Note to Rule 4, "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

[3] On November 6, 2025, Mr. Terry pleaded guilty to possession of a controlled substance with intent to deliver in *Terry II*, and he was sentenced to serve 60 months in the ADC. To date, Mr. Terry has not filed a notice of appeal in *Terry II*.

*Arkansas v. Terry*, No. 60CR-25-5493 (Pulaski Cnty. Cir. Ct) ("*Terry III*").[4]   On August 27, Mr. Terry's bond was again revoked.

On October 20, 2025, Mr. Terry attempted to remove his then-pending criminal prosecution in *Terry I* to this federal court. *Arkansas v. Terry*, No. 4:25-cm-56-JM (E.D. Ark). On October 21, 2025, United States District Judge James M. Moody Jr. dismissed Mr. Terry's notice of removal for lack of subject matter jurisdiction and remanded the case back to the Circuit Court of Faulker County, Arkansas. *Id.*

On October 30, 2025, a jury found Mr. Terry guilty of fleeing and tampering with evidence in *Terry I*, and on November 6, 2025, the trial court sentenced him to serve 360 months in the ADC. Mr. Terry appealed his conviction to the Arkansas Court of Appeals, and that appeal, currently at the briefing stage, is still pending. *Terry v. Arkansas*, No. CR26-69 (Ark. Ct. App.).

On October 27, 2025,[5] three days before his conviction in *Terry I*, Mr. Terry filed the federal habeas petition now before the Court. *Doc. 1*. At that time, Mr. Terry

---

[4] On January 12, 2026, Mr. Terry pleaded guilty to possession of a controlled substance with intent to deliver in *Terry III*, and he was sentenced to serve 60 months in the ADC, to be served concurrently with the sentences imposed in *Terry I and Terry II*.  To date, Mr. Terry has not filed a notice of appeal in *Terry III*.

[5]  The Clerk of Court received Mr. Terry's petition for filing on November 4, 2025, and entered it on the docket that day. However, pursuant to the "prison mailbox rule," the petition is deemed filed on the date Mr. Terry placed it in the mail: October 27, 2025. See *Doc.1 at 11-12* (declaring under penalty of perjury that the petition was placed in the prison mailing system on 10-27-25); *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (stating that for purposes of §

was a pretrial detainee at the Faulkner County Jail. He alleged that his pretrial detention was unlawful because his bond had been illegally revoked, and he sought immediate release. According to Mr. Terry, a Maumelle Police Officer named Gulley "injected himself" into an invalid traffic stop, planted contraband in his truck, and entered false information on an online database for the purpose of having his bond revoked. *Doc. 1 at 5*.

On December 19, 2025 Mr. Terry filed notice that his address had changed from the Faulkner County Jail to the Ouachita River Unit of the ADC. *Doc. 5*.

## III.    Discussion

Section 2241 extends potential habeas relief to pretrial detainees in state custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); see also *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) (recognizing that a pretrial detainee can challenge his pretrial confinement under § 2241(c)(3) after exhausting all available state remedies). However, upon Mr. Terry's conviction in *Terry I*, he was no longer a pretrial detainee, and his § 2241 petition, though filed before his trial and conviction, became moot and no longer presented a live case or controversy. See *Spencer v. Kemna*, 118, 523 U.S. 1, 7 (1998) (noting that Article III's case-or-controversy requirement subsists

---

2244(d)(1), a *pro se* prisoner's habeas petition is filed on the date it is delivered to prison authorities for mailing); see also Rule 3(d) Rules Governing § 2254 Cases in the United States District Courts.

throughout all stages of federal judicial proceedings); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (once a defendant has been convicted of the crime underlying his pretrial detention, any § 2241 claims concerning his pretrial confinement become moot).[6]

Mr. Terry's challenge to his pretrial detention is moot, and the Court lacks subject matter jurisdiction to entertain his petition.

## IV.   Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Calvin W. Terry, III's petition pursuant to 28 U.S.C. § 2241 be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

Dated 10 February 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] I recommend dismissing Mr. Terry's § 2241 petition without prejudice and making no findings on the merits of his claim regarding his August 2025 arrest and related charges in *Terry III*. Title 28 U.S.C. § 2254 is the vehicle for a state prisoner, in custody pursuant to a state court judgment, to seek federal habeas relief on the ground that he is in custody in violation of federal law. However, before Mr. Terry may file a § 2254 petition with respect to any of his state convictions, he must exhaust his available state remedies and "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).